UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN D. MCHENRY** | **CIVIL ACTION NO. 18-0131** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Kevin D. McHenry, an inmate at Elayn Hunt Correctional Center proceeding pro se and in forma pauperis, filed the instant Complaint on February 1, 2018, under 42 U.S.C. § 1983. He names the following Defendants: the State of Louisiana, Colby Ainsworth, Kirk Robertson, Wilson Rambo, John Spires, Stephen Sylvester, Wendell Manning, Mike Tubbs, and Carl Patrick.[1] For the following reasons, it is recommended that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

### Background

Plaintiff faults Judge Wilson Rambo for "sid[ing] with false allegations" and "tak[ing] [his] right to make bond" on either August 11, 2015, or August 12, 2015. He claims that two district attorneys, Defendants Sylvester and Spires, "on Aug. 11 or 12 of 2015," prosecuted him in the absence of any evidence and took his "right to bond . . . ." He also claims that he presented evidence exculpating him from his current charge, but Defendants Sylvester and Spires refuse to dismiss the charge.

Plaintiff alleges that Defendants Ainsworth and Robertson, two police officers, falsely

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

arrested him on August 8, 2015, and, thereafter, withheld exculpatory evidence. Ainsworth also lied in the arrest report and, at the State's behest, lied at Plaintiff's trial. Plaintiff claims that, on June 22, 2017, Judge Wendell Manning disregarded "any and all evidence in [his] favor" and found him guilty "using pure imaginary evidence." Plaintiff's claims against Ainsworth and Robertson apparently relate to his June 22, 2017 conviction.

Plaintiff claims further that Warden Carl Patrick and Sheriff Mike Tubbs refused to respond to his administrative remedy requests. He also faults Warden Patrick for placing him in disciplinary segregation in 2013 or 2014 without a disciplinary hearing, and he adds that Sheriff Mike Tubbs approved the placement.

Plaintiff claims that he is innocent of both his June 22, 2017 conviction and a pending charge of second degree battery. He maintains that, for the last nine months, he suffered stress and depression. He seeks release from incarceration and the "maximum amount" of compensatory damages. He also asks the Court to discharge Defendant Ainsworth from his position.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is an inmate who has been permitted to proceed in forma pauperis. As an inmate seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

80 (5th Cir.1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the

complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. *Heck v. Humphrey***

Plaintiff alleges that Defendants Ainsworth and Robertson falsely arrested him and withheld exculpatory evidence. He also claims that Ainsworth lied in the arrest report. It appears, however, that Plaintiff's claims all relate to his June 22, 2017, conviction.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Here, prevailing on claims of withholding exculpatory evidence and lying in an arrest report would necessarily imply the invalidity of Plaintiff's conviction. In *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004), the Fifth Circuit held that *Heck* barred a Plaintiff's claims of evidence tampering, concealment, and perjury because a decision granting the claims "would necessarily imply that her conviction was invalid." In *Lenoir v. Howard*, 579 F. App'x 227, 228 (5th Cir. 2012), the Fifth Circuit held that the plaintiff's "claim that he was wrongly convicted based on constitutional violations at trial, namely the use of perjured testimony, necessarily

implies that his conviction was invalid."³

Likewise, prevailing on the false arrest claim would necessarily imply the invalidity of Plaintiff's conviction. "'[F]alse arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)). When a plaintiff pleads guilty to a charge for which he was arrested, allowing him to proceed on his false arrest claim "would necessarily implicate the validity of [his] convictions because the same conduct that formed the probable cause for [his] arrest also provided the basis for [his] convictions." *Id.* (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].")).⁴

---

³ See *Gonzalez v. Garza*, 59 F.3d 1241 (5th Cir. 1995) (holding that claims that evidence was manipulated or withheld to corroborate perjured testimony "would be foreclosed by *Heck*."); *Heath v. Thomas*, 34 F. App'x 962 (5th Cir. 2002) (finding a claim of withholding evidence barred by *Heck*.); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) (finding a claim of withholding exculpatory evidence barred by *Heck* because, if proved, it would "call [the plaintiff's] conviction into question under *Brady v. Maryland*, 373 U.S. 83, 83 (1963)."); *Paris v. Dallas Police Dep't*, 2012 WL 2520779, at *5 (N.D. Tex. June 5, 2012) (finding a claim of a false arrest report barred by *Heck*).

⁴ See also *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (noting that a guilty plea is a conviction and reasoning that, if the plaintiff "were to prevail on his unlawful seizure claim, he would necessarily undermine the validity of these convictions."); *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006) (holding that *Heck* applies even where a plaintiff pled guilty under *Alford* and maintained his innocence); *Queen v. Purser*, 109 Fed. App'x. 659, * 1-2 (5th Cir. 2004) (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable absent showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into

Thus, Plaintiff may not seek an injunction[5] or damages against Ainsworth and Robertson for withholding evidence, lying in an arrest report, and falsely arresting him until his conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. This claim should be dismissed.

### 3. Perjurious Testimony

Plaintiff claims that Defendant Ainsworth lied at his trial. "Police officers are absolutely immune from liability for their allegedly perjurious testimony." *Propes v. Wolf*, 178 F. App'x 388, 389 (5th Cir. 2006); see *Brown v. Jones*, 24 F.3d 238 (5th Cir. 1994). Thus, Plaintiff's claim against Ainsworth should be dismissed.

### 4. Prosecutorial Immunity

Plaintiff claims that two district attorneys, Defendants Sylvester and Spires, "on Aug. 11 or 12 of 2015," prosecuted him in the absence of any evidence and took his "right to bond . . . ." Plaintiff also claims that he presented evidence exculpating him from his current charge, but Sylvester and Spires refuse to dismiss the charge.

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an

---

question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

[5] "*Heck* also applies where a plaintiff seeks injunctive or declaratory relief which, if granted, would necessarily imply that a conviction is invalid." *Mann v. Denton Cty. Texas*, 364 F. App'x 881, 883 (5th Cir. 2010).

advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (holding that a prosecutor's conduct in connection with preparing and filing charging documents was protected by absolute immunity).

When and whether to file criminal charges are decisions that clearly fall within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. See *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006); *Nickerson v. Texas*, 209 F.3d 718 (5th Cir. 2000). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Defendants Sylvester and Spires are entitled to absolute prosecutorial immunity from Plaintiff's malicious prosecution claims. See *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (holding that prosecutors were immune from claims alleging that they filed an information without investigation, filed charges without jurisdiction, filed a baseless detainer, offered perjured testimony, and suppressed exculpatory evidence).[6] Their alleged actions involved only the initiation of judicial proceedings in the course of their roles as advocates for the State. Accordingly, Plaintiff's claims should be denied and dismissed for failure to state claims on which relief can be granted and for seeking monetary relief against defendants who are

---

[6] See also *Esparza v. Munoz*, 3 F.3d 438 (5th Cir. 1993) (finding a prosecutor immune from a claim of prosecuting the plaintiff without sufficient evidence); *Nickerson v. Texas*, 209 F.3d 718 (5th Cir. 2000) (finding prosecutors immune from claims that they filed charges against the plaintiffs while possessing exculpatory evidence); *Green v. Texas Gov't*, 704 F. App'x 386 (5th Cir. 2017) (finding prosecutors immune from claims that they withheld exculpatory evidence and charged the plaintiff without probable cause); *Lawson v. Speetjens*, 42 F.3d 642 (5th Cir. 1994) (recognizing that immunity applies even if a plaintiff alleges that the prosecutor is knowingly using perjured testimony).

immune from such relief.

**5. Habeas Corpus Relief**

Plaintiff alleges that he is incarcerated on a pending charge of second degree battery, and he seeks release. Although Plaintiff filed this action under 42 U.S.C. § 1983, he challenges the very fact and duration of his physical imprisonment. Plaintiff should pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241.[7] See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").[8] The Court cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate."). Accordingly, Plaintiff fails to state a claim on which relief can be granted.

**6. Judicial Immunity**

Plaintiff faults Judge Wilson Rambo for "sid[ing] with false allegations" and "tak[ing] [his] right to make bond" on either August 11, 2015, or August 12, 2015. Plaintiff also claims that, on June 22, 2017, Judge Wendell Manning disregarded "any and all evidence in [his] favor"

---

[7] Plaintiff concedes: "it seems that the habeas corpus form would be the proper form required in my case." [doc. # 14, p. 1].

[8] To the extent Plaintiff seeks release from incarceration relating to his prior conviction, he should pursue his request under 28 U.S.C. § 2254.

and found him guilty "using pure imaginary evidence."

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* The Fifth Circuit adopted a four-factor test to determine whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

Here, Judge Rambo's alleged act of either setting or denying bond was, manifestly, a judicial function. See *Barnes v. Madison*, 79 F. App'x 691, 701 (5th Cir. 2003) (finding that absolute immunity cloaked a judge who set the plaintiff's bond); *Herring v. Mayfield*, 51 F.3d

9

1043, 1995 WL 153026, at *1 (5th Cir. 1995) ("[S]etting the amount of the bond . . . is within the scope of [the judge's] jurisdiction, thus affording her absolute judicial immunity."). It is equally manifest that Judge Manning's acts of evaluating the evidence and adjudicating Plaintiff's guilt or innocence were judicial functions. See *Morrison*, 704 Fed. App'x at 375 (reasoning that the plaintiff pointed to no law stating that determining guilt or innocence was a determination done without jurisdiction); *Freeze v. Griffith*, 849 F.2d 172, 174-75 (5th Cir. 1988) (finding absolute immunity where a plaintiff alleged that a judge conspired with others to suppress evidence).[9]

Plaintiff does not allege that Judges Rambo or Manning acted outside of the courtroom or chambers. Nor does he allege that his claims are unrelated to either his prior proceedings before Judge Rambo or his latter proceedings before Judge Manning. Moreover, nothing indicates that the alleged acts arose outside of a visit to either judge in his official capacity.[10]

Finally, Plaintiff does not allege that either judge acted in absence of all jurisdiction. See LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters."). Accordingly, Judges Rambo and Manning are entitled to absolute judicial immunity, and the claims against them should be dismissed.

### 7. Statute of Limitations

Plaintiff claims that Warden Patrick, without first conducting a disciplinary hearing,

---

[9] See also *Diaz v. Tocci*, 2016 WL 3365494, at *6 (W.D. Tex. June 16, 2016) ("[T]he fact plaintiff disagrees with the rulings made by his state trial court judges does not, standing alone, establish those rulings were taken in a complete absence of all jurisdiction or that those judges were acting outside the scope of their official judicial duties when they made the rulings adverse to plaintiff.").

[10] *Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors).

placed him in disciplinary segregation for four days in either 2013 or 2014. He adds that Sheriff Mike Tubbs approved the Warden's action.

District courts are authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. See *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).

Here, Plaintiff claims that he was placed in administrative segregation without due process for four days in either 2013 or 2014. Under Plaintiff's allegations, December 31, 2014, was the latest day he was placed in administrative segregation. Thus, his procedural due process

claim accrued, at the latest, four days later on January 4, 2015.[11] Plaintiff, therefore, had one year from that date, or until January 4, 2016, to file his claim. As Plaintiff did not file his claim until February 1, 2018, the claim should be dismissed as frivolous.

## 8. Responding to Grievances

Plaintiff claims that Warden Carl Patrick and Sheriff Mike Tubbs refused to respond to his administrative remedy requests. Prisoners do not have a constitutionally protected right to a grievance procedure. *Chambers v. Roy*, 2010 WL 5621283, at *2 (E.D. Tex. Nov. 10, 2010). In *Sandin*, 115 S. Ct. at 2293, the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. See also *Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, Plaintiff's claim should be dismissed.

---

[11] "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). "But these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Here, when Plaintiff entered administrative segregation, he may not have known whether the restraint he experienced was atypical and significant until the latter dates of his segregation. See generally *Arauz v. Bell*, 307 F. App'x 923, 928 (6th Cir. 2009) (declining to find that the date of accrual began when the plaintiff entered administrative segregation and reasoning that the plaintiff could not, when he first entered segregation, have known how restrictive the conditions would be or how long he would be there); see also *Street v. Vose*, 936 F.2d 38, 40 (1st Cir. 1991) (finding that a claim of detention in segregation accrued when the detention completed).

### 9. The State of Louisiana

Plaintiff names the State of Louisiana as a Defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."[12] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against the State of Louisiana should be dismissed.

### 10. Sheriff Mike Tubbs

To the extent Plaintiff faults Defendant Mike Tubbs for actions other than approving his placement in disciplinary segregation without due process,[13] Plaintiff fails to state a plausible claim. Plaintiff alleges that Tubbs "is the meth king pin of northeast Louisiana" and "only cares about money and keeping his hands clean[.]" [doc. # 14, p. 4-5].

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

---

[12] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

[13] As discussed, Plaintiff's claim that Defendant Tubbs approved his placement in disciplinary segregation is untimely.

Here, Plaintiff's allegations are conclusory, vague, and fanciful. Accordingly, as Plaintiff does not allege specific facts demonstrating that Defendant Tubbs violated his constitutional rights, his allegations are implausible and should be dismissed.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Kevin D. McHenry's claims of withholding evidence, lying in an arrest report, and false arrest against Defendants Colby Ainsworth and Kirk Robertson should be **DISMISSED WITH PREJUDICE** as frivolous until the *Heck* conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state claims on which relief can be granted, and for seeking monetary relief against defendants immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of June, 2018.

                                                                                       KAREN L. HAYES
                                                                                       UNITED STATES MAGISTRATE JUDGE